UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In the Matter of the Complaint of Craig Lade, Owner of the Motor Vessel "RIVER BELLE" for Exoneration From or Limitation of Liability,<br><br>Plaintiff. | Case No.<br><br>In Admiralty |

**COMPLAINT FOR EXONERATION FROM
OR LIMITATION OF LIABILITY**

Plaintiff Craig Lade, owner of the motor vessel "RIVER BELLE," a 1978 Gibson Houseboat, 50 feet in length, with Hull Identification Number GBN50128M78J (the "Vessel"), by and through his counsel, as and for his Complaint seeking exoneration from or limitation of liability, states and allege as follows:

**JURISDICTION AND VENUE**

1.  This action for exoneration from or limitation of liability under 46 U.S.C. § 30501 *et seq.* constitutes an admiralty and maritime claim under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions. This Court has jurisdiction under 28 U.S.C. § 1333 and 46 U.S.C. § 30511.

1

2. Venue is proper in this district under Rule F(9) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions because the Vessel has not been attached or arrested, no known suits have been commenced against Plaintiff, the Vessel is not located within any district, and thus suit can be commenced in any district.

## PARTIES

3. Plaintiff Craig Lade is a resident of Minnesota and is domiciled at the address 138 East Skillman Avenue, St. Paul, Minnesota, 55117, and at all relevant times hereto owned the Vessel.

4. Before its total loss, the Vessel was a 1978 Gibson Houseboat, 50 feet in length, with Hull Identification Number GBN50128M78J. Plaintiff operated the Vessel on the navigable waterways of the United States, including the Mississippi River.

## THE INCIDENT

5. Plaintiff purchased the Vessel in 2018. Plaintiff used the Vessel as his residence from 2018 until on or about March 7, 2023.

6. In 2018, Plaintiff purchased the lease rights to a slip at Castaways Marina, a marine harbor located on the Mississippi River in or around Inver Grove Heights, Minnesota. At all relevant times herein, Plaintiff moored the Vessel at Slip #41 at Castaways Marina.

7. At all relevant times herein, Plaintiff maintained and kept the Vessel in a safe and seaworthy condition.

8. At all relevant times herein, the Vessel was connected to shore power provided by Castaways Marina.

9. On or about March 7, 2023, at approximately 6:45 p.m., the Vessel caught on fire while moored at Slip #41 of Castaways Marina. At this time, the Plaintiff was not on the Vessel because he was vacationing in Mexico.

10. Plaintiff has no knowledge of any issue or condition on the Vessel or surrounding area that could have caused the fire or that could have contributed to the cause of the fire.

11. The fire caused the Vessel to suffer a total loss. Upon information and belief, the fire caused up to two other vessels on Castaways Marina to also suffer fire damage, with one of those also suffering a total loss. Upon information and belief, the docks and/or structures surrounding Slip #41 also suffered fire damage.

## POTENTIAL CLAIMS

12. On March 14, 2023, Greg Greene, the owner of a 1987 Skipperliner 55-foot houseboat moored in Slip #40 allegedly damaged in the March 7, 2023 fire submitted a written statement to Plaintiff's insurer regarding the "loss that occurred due to our boat catching fire when Craig Lade's burnt." In an attachment to the March 14, 2023 email, Mr. Greene claimed the total cost of

3

the damaged and lost items was $94,961.77. On March 21, 2023, Progressive Home by Homesite Insurance Company of the Midwest, insurer for Mr. Greene's personal property, wrote a letter to Plaintiff's insurer of the Vessel informing that insurer that it considered Plaintiff at fault for the damage to Mr. Greene's vessel, that it would be paying Mr. Greene for the damages, and that it would seek to subrogate those damages from Plaintiff's insurer. On May 3, 2023, Mr. Greene submitted an invoice totaling $20,478.75 for the demolition costs of his houseboat.

13. Upon information and belief, Mr. Greene's vessel is insured by State Farm Insurance Group, an insurer who has contacted Plaintiff's insurer by phone to inquire into compensation.

14. On March 13, 2023, John Haugum, Sales and Marketing Director at Castaway Marina, wrote via email to Plaintiff's insurer claiming that Castaway Marina's property had been allegedly damaged in the March 7, 2023 fire. On March 20, 2023, Mr. Haugum asserted that four slips had been damaged. On April 14, 2023, Twin City Marina, on behalf of Castaway Marina, estimated the repair cost for the four slips to be $37,165.64.

15. Jake Farrell is an owner of another vessel at Castaway Marina that was allegedly damaged. Mr. Farrell's vessel was insured by State Farm Insurance Group, who called Plaintiff's insured on May 19, 2023, and left a

voicemail stating that they assumed Plaintiff's insured was accepting liability for the March 7, 2023 fire.

16. As of the date of this Complaint, Plaintiff does not know the total amount in claims that may be made for alleged damage or injuries sustained during or because of the March 7, 2023 fire.

17. Plaintiff files this Complaint within six months of receipt of a written notice of a claim arising out of the March 7, 2023 fire.

18. Except as otherwise alleged herein, Plaintiff has no knowledge of any unsatisfied liens, claims of lien, or demands that have been made against Plaintiff or the Vessel, whether in contract or tort, arising from or related to the March 7, 2023 fire.

## EXONERATION OR LIMITATION

19. Plaintiff seeks exoneration from any and all liability arising from or related to the March 7, 2023 fire, including any damages or injuries allegedly sustained by other individuals or vessels, because Plaintiff did not cause or otherwise contribute to any breach of applicable statutes or regulations, nor any type of unseaworthiness, fault, neglect, misconduct, or lack of reasonable care.

20. Plaintiff alternatively seeks limitation of his liability arising from or related to the March 7, 2023 fire, including any damages or injuries allegedly sustained by any parties related to the same, because Plaintiff is the

owner of the Vessel and the March 7, 2023 fire occurred without Plaintiff's privity or knowledge.

## VALUE AND SURETY

21. The value of Vessel after the March 7, 2023 fire is $0.00 and there is no freight pending. (*See* **EXHIBIT A** attached hereto.)

22. Plaintiff offers an *ad interim* security from his insurer GEICO Marine, in the sum of $0.00, pending final resolution by the Court, plus interest at the rate of six percent (6%) per annum, and costs, as provided by Rule F(1) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (*See* **EXHIBIT B** attached hereto.)

**WHEREFORE**, Plaintiff Craig Lade pray for judgment as follows:

A. That Plaintiff be exonerated because he is not liable for any claims, injury, and/or loss arising from the March 7, 2023 fire described herein;

B. Alternatively, if Plaintiff is adjudged liable by a court of competent jurisdiction, that such liability be limited to Plaintiff's interest in the value of the Vessel, plus applicable interest and costs, and that Plaintiff is discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured, to be divided pro-rata according to the applicable statues among such claimant(s) as may duly prove its/their claim(s), saving to all parties any priorities to which they may be otherwise legally entitled, and that a decree may be entered discharging Plaintiff from all further liability.

C. Consistent with, and pursuant to, Plaintiff's motion filed with this Complaint, that this Court issue an order providing the following:

(a) Enjoining the prosecution of all claims and proceedings against Plaintiff, his insurers, or the Vessel, related to the matter described in this original Complaint for Exoneration From or Limitation of Liability;

(b) Approving the *ad interim* security found in **EXHIBIT B** to this Complaint for Exoneration From or Limitation of Liability related to the value of the Vessel, plus applicable interest and costs; and

(c) Directing the issuance of notice to all persons asserting claims with respect to the matter described in the original Complaint for Exoneration From or Limitation of Liability, and to file their respective claims with the Clerk of Court, and serve the undersigned counsel for Plaintiff a copy of said claim, on or before a date to be named in the notice. (*See* **EXHIBIT C** attached hereto.)

D. For such other and further relief as this Court deems just and equitable.

|  |  |
|---|---|
|  | ECKLAND & BLANDO LLP |
| Dated: June 20, 2023 | /s/ VINCE C. REUTER<br>Vince C. Reuter (#390874)<br>Robert T. Dube, Jr. (#401597)<br>800 Lumber Exchange Building<br>10 South Fifth Street<br>Minneapolis, MN 55402<br>(612) 236-0160<br>vreuter@ecklandblando.com<br>rdube@ecklandblando.com<br><br>*Counsel for Plaintiff* |