UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In the Matter of the Complaint of Craig Lade, Owner of the Motor Vessel RIVER BELLE for Exoneration From or Limitation of Liability | Case No. 23-cv-01859 (SRN/DLM)<br><br>**ORDER** |

Plaintiff Craig Lade brings this action under the Limitation of Liability Act, *see* 46 U.S.C. § 30529,[1] seeking to avoid or limit the potential liability he faces for an incident involving a vessel he owns. (Compl. [Doc. No. 1.]) In a Motion filed with his Complaint, Plaintiff seeks an Order: (1) enjoining the prosecution of all claims and proceedings against Plaintiff, his insurers, or the "RIVER BELLE" (the "Vessel"), related to the matter described in the Complaint; (2) approving the *ad interim* security found in Exhibit B to Plaintiff's Complaint related to the value of the Vessel; and (3) directing the issuance of notice to all persons asserting claims with respect to the matter described in Plaintiff's Complaint, and to file their respective claims with the Clerk of Court, and serve the undersigned counsel for Plaintiff a copy of said claim, on or before a date to be named in the notice. [Doc. No. 2.] For the reasons explained below, the Court grants Plaintiff's Motion.

---

[1] The Limitation of Liability Act was amended effective December 23, 2022, and portions of the statute were renumbered. Plaintiff refers to the former statute numbers, but the Court will refer to the relevant statutory provisions by their current number.

## BACKGROUND

As alleged in his Complaint, Plaintiff Craig Lade owns the "RIVER BELLE" (the "Vessel"), a 1978 Gibson Houseboat, 50 feet in length, that Plaintiff used as his primary residence from 2018 until March 7, 2023. (Compl. ¶¶ 4-5.) Plaintiff docked the Vessel at Slip #41 at Castaways Marina, and operated the Vessel on the Mississippi River near Inver Grove Heights, Minnesota. (*Id.* ¶¶ 4, 6.) On March 7, 2023, the Vessel caught on fire while docked at Slip #41. (*Id.* ¶ 9.) Plaintiff was vacationing in Mexico at the time, and alleges he had no knowledge regarding any condition on the Vessel that could have contributed to the cause of the fire. (*Id.* ¶¶ 9-10.) The fire caused the Vessel to suffer a total loss, and was alleged to have damaged two other vessels docked at Castaways Marina and the dock surrounding Slip #41. (*Id.* ¶ 11.)

On March 13, 2023, John Haugum, Sales and Marketing Director at Castaways Marina, wrote via email to Plaintiff's insurer claiming that Castaways Marina's property had been damaged in the March 7, 2023 fire. (*Id.* ¶ 14.) On March 20, 2023, Mr. Haugum asserted that four slips had been damaged. (*Id.*) On April 14, 2023, Twin City Marina, on behalf of Castaways Marina, estimated the repair cost for the four slips to be $37,165.64. (*Id.*)

On March 14, 2023, Greg Greene, the owner of a houseboat moored in Slip #40, wrote via email to Plaintiff's insurer regarding damages to their boat from the March 7, 2023 fire. (*Id.* ¶ 12.) In an attachment to the same email, Mr. Greene claimed the total cost to the damaged and lost items was $94,961.77. (*Id.*) Mr. Greene's personal property is insured by Progressive Home by Homesite Insurance Company of the Midwest

("Progressive"). (*Id.*) Progressive wrote to Plaintiff's insurer informing it that Progressive considered Plaintiff at fault for the damage to Mr. Greene's vessel, Progressive would be paying Mr. Greene for damages, and would seek to subrogate those damages from Plaintiff's insurer. (*Id.*) On May 3, 2023, Mr. Greene submitted an invoice totaling $20,478.75 for the demolition costs of his houseboat. (*Id.*) State Farm Insurance Group insures Mr. Greene's vessel and has contacted Plaintiff's insurer by phone about compensation as well. (*Id.* ¶ 13.)

Jake Farrell is the owner of another vessel at Castaways Marina that was allegedly damaged. (*Id.* ¶ 15.) His vessel is insured by State Farm Insurance Group, who called Plaintiff's insurer on May 19, 2023, and left a voicemail stating that they assumed Plaintiff's insurer was accepting liability for the March 7, 2023 fire. (*Id.*)

Plaintiff filed his Complaint in this matter on June 20, 2023 requesting exoneration from liability from any damages or injuries related to the March 7, 2023 fire or, alternatively, requesting that any liability be limited to the value of the Vessel. (*Id.* ¶¶ 19-20.) Attached to his Complaint, Plaintiff filed a Vessel Valuation from Tow Incorporated that established the initial valuation of the Vessel at $0 after the fire. (*Id.* ¶ 21, Ex. A at 1.) Plaintiff also filed an *Ad Interim* Security for Value, offering to pay $0 with an interest rate of 6%, plus applicable costs. (*Id.* ¶ 22, Ex. B at 2.) In addition to approval of the *ad interim* security, Plaintiff asks the Court to enjoin the prosecution of any claims against him related to the March 7, 2023 fire – other than this action – and requests issuance of a notice to all potential claimants. (*Id.* ¶ 22.)

## ANALYSIS

Congress passed the Limitation of Liability Act ("LOLA") in 1851 "to encourage ship-building and to induce capitalists to invest money in this branch of industry." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001) (quoting *Norwich & N.Y. Transp. Co. v. Wright,* 80 U.S. 104, 121 (1871)). LOLA limits a shipowner's liability for certain claims to "the value of the vessel and pending freight." 46 U.S.C. § 30523(a). Among the claims covered by LOLA "are those arising from…any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of the owner." § 30523(b). A vessel owner may invoke this limitation by bringing a civil action in federal district court "within 6 months after a claimant gives the owner written notice of a claim." § 30529(a).

As enacted, LOLA did not establish a procedure to implement the limitations on liability that it authorized. *Am. Mill. Co. v. Brennan Marine, Inc.*, 623 F.3d 1221, 1224 (8th Cir. 2010). "The Supreme Court enacted rules to establish a uniform judicial procedure by which a vessel owner could seek to limit its liability under the Limitation Act," which over time were adopted as Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, which are part of the Federal Rules of Civil Procedure. *In re Am. River Transp. Co.*, 728 F.3d 839, 841 (8th Cir. 2013) (quoting *Am. Mill.*, 623 F.3d at 1224).

Rule F allows a vessel owner to file a complaint for limitation of liability, "[n]ot later than six months after receipt of a claim in writing." Fed. R. Civ. P. Supp. R. F(1) ("Rule F"). "The complaint may demand exoneration from as well as limitation of liability.

4

*Id.* F(2). The complaint must set forth the factual basis for the owner's claim, including the circumstances of the alleged loss; the "value of the vessel at the close of the voyage;" and the "amount of all demands." *Id.* After filing the complaint, the owner must deposit with the court "a sum equal to the owner's interest in the vessel," or "approved security therefor," as well as such additional sums "as the court may from time to time fix as necessary to carry out the provisions of the statute[.]" *Id.* F(1); *see also* § 30529(b). Finally, the owner is required to "give security for costs" and for six percent annual interest on the value of the owner's interest in the vessel. Rule F(1).

After the owner complies with the requirements of Rule F, the Court takes two actions. First, upon a plaintiff's request, "the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." *Id.* F(3); § 30529(c). Second, the Court "shall issue a notice" to all potential claimants, directing them to file their respective claims by a fixed date. Rule F(4). The notice must be published in a newspaper for "four successive weeks prior to the date fixed for the filing of claims." *Id.* "After all claims have been filed, the District Court determines if a loss occurred; whether there was negligence; if there was negligence, whether it was without the privity and knowledge of the owner; and if limitation is granted, how the fund should be distributed." *Universal Towing Co. v. Barrale*, 595 F.2d 414, 417 (8th Cir. 1979). The claimants can contest the plaintiff's right to exoneration from or limitation of liability, as well as the amount of funds available to pay claims. Rule F(5), (7).

5

Plaintiff has met the requirements of 46 U.S.C. § 30501 *et seq.* and Rule F. First, Plaintiff's Complaint appears to be timely because it was filed within six months of a written notice of a claim in excess of the Vessel's value. Plaintiff received the first written notice of a claim in March 2023, less than six months ago. (Compl. ¶ 14.) Second, Plaintiff sufficiently pleaded the factual basis for his claim of exoneration or limitation of liability. The Complaint recounts the circumstances of the March 7, 2023 fire and alleges that it occurred without Plaintiff's privity or knowledge. (*Id.* ¶¶ 6-11, 19-20.) The Complaint also established an initial valuation of the Vessel and the *ad interim* security. (*Id.* ¶¶ 21-22.) Since Plaintiff has complied with the procedural requirements of Rule F, he is entitled to the relief he seeks. Prosecution of any claims, outside of this proceeding, against Plaintiff or his property arising out of the March 7, 2023 incident will be enjoined, and notice to potential claimants will be ordered. *See* Rule F(3)-(4).

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. Plaintiff's Motion to enjoin the prosecution of all claims and proceedings, outside of this proceeding, against Plaintiff, his insurer, or the Vessel, related to the matter described in Plaintiff's Complaint for Exoneration From, or Limitation of, Liability is **GRANTED**.

2. With the exception of this proceeding, the institution or prosecution of any suits, actions, or legal proceedings of any nature or description whatsoever in any court whatsoever against Plaintiff or the Vessel, involving any claim arising out of or

connected to the March 7, 2023 fire at issue in this action, is hereby **STAYED** and **RESTRAINED** until further order of this Court.

3. Plaintiff's *ad interim* security is initially **APPROVED**.

4. The execution and filing of the *ad interim* security is without prejudice to the due appraisal of Plaintiff's interest. On the filing of a verified appraisal of Plaintiff's interest, any party may apply to have the amount of the stipulation increased or decreased as the Court may direct.

5. The Clerk of Court is directed to sign and issue the attached Notice of Complaint for Exoneration from or Limitation of Liability.

6. Plaintiff shall cause the attached Notice of Complaint for Exoneration from, or Limitation of, Liability to be published in the *Pioneer Press*, a newspaper of general circulation in the relevant area, once a week for four (4) consecutive weeks prior to the date fixed for the filing of claims. Not later than the day of the second publication, Plaintiff shall mail a copy of the notice to every person or other entity known to have made any claim against Plaintiff, his insurers, or the Vessel arising out of the March 7, 2023 incident.

7. All persons having claims related to the March 7, 2023 incident at issue in this action shall have until September 8, 2023 to file a claim with the Clerk of Court and serve a copy on Plaintiff.

8. Plaintiff must serve a copy of this Order on the persons to be restrained or their respective attorneys.

Dated: July 18, 2023                                s/ Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge